UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| CHRIS ESTRIDGE and KASEY ESTRIDGE<br><br>    Plaintiffs,<br><br>V.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | CIVIL ACTION NO. 6:14-231-KKC<br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiffs' motion to remand this action to state court (DE 6). Because the plaintiffs explicitly state in the complaint that their damages exceeded $75,000, the motion is denied.

The plaintiffs filed this action in state court asserting that their home is insured by defendant State Farm Fire and Casualty Company. The plaintiffs assert that their home and its contents were damaged in a fire and that State Farm has refused to pay them the amount they are owed under the policy.

State Farm removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332, which requires that the amount in controversy exceed $75,000 and that the dispute be between citizens of different states. There is no dispute that State Farm and the plaintiffs are citizens of different states. As to the amount in controversy, with their motion to remand the plaintiffs each submit an affidavit stating that the total amount of damages sought is less than $70,000.

In their complaint, however, the plaintiffs explicitly state that their damages consist of "the value of the contents being $65,000.00 and the difference between the FMV of the home less the mortgage payoff being approximately $11,321.36." (DE 1-1, Complaint ¶ 9.) This totals $76,321.36.

In determining whether this Court has diversity jurisdiction, the issue is whether such jurisdiction existed "at the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir.2000). The plaintiffs explicitly state in their complaint that their damages exceed $75,000. Accordingly, at the time of removal, this Court's diversity jurisdiction was established on the face of the complaint.

A plaintiff's post-removal stipulation regarding damages may be used to clarify the amount of damages sought by a plaintiff where the plaintiff's complaint is silent on the matter. *See Fenger v. Idexx Laboratories, Inc.*, 194 F.Supp.2d 601, 603-04 (E.D.Ky.2002); *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 777-778 (W.D.Ky.2002). But such a stipulation cannot be used by the plaintiff to contradict statements that establish federal jurisdiction on the complaint's face. "[B]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers*, 230 F.3d at 872. Post-removal stipulations are to be "treated just like any other post-removal event." *Id*.

For all these reasons, the Court hereby ORDERS that the plaintiffs' motion to remand (DE 6) is DENIED.

Dated April 30, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

2